Jorge Martinez **RAMOS;**
**et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72101.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

Jorge Martinez Ramos, Fullerton, CA, pro se.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

Martin Roy Robles, Esquire, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Briena Strippoli, Esquire, Trial, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ed by 9th Cir. R. 36–3.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Porfiria Velez Hernandez, Fullerton, CA, pro se.

Jose Manuel Gallardo Velez, Fullerton, CA, pro se.

Jesse Lloyd Busen, OIL, Aviva Poczter, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order dismissing petitioners' appeal of the immigration judge's order denying petitioners' application for cancellation of removal.

As to petitioners Jorge Martinez Ramos (A028–538–525) and Porfiria Velez Hernandez (A096–346–434), we have reviewed the opposition to the motion to dismiss this petition for review for lack of jurisdiction, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926 (9th Cir. 2005); *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss the petition for review is granted in part. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003);

*Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002).

As to the minor petitioner (A096–346–435), in their appeal to the BIA, petitioners did not challenge the immigration judge's finding that the minor is ineligible for cancellation of removal because the minor failed to establish ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A). We have reviewed the record and the objection to the respondent's motion, and we conclude that there is substantial evidence to support the BIA's decision that the minor petitioner failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.